264 So.2d 419 (1972)
Abner Wynn GORDON, Plaintiff-Appellant,
v.
The JOHN DEERE COMPANY et al., Defendants-Appellees.
No. 41743.
Supreme Court of Florida.
July 5, 1972.
Roderic G. Magie, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
William H. Clark, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellees.
BOYD, Justice.
This cause is before us on certificate from the United States Court of Appeals, Fifth Circuit,[1] pursuant to Rule 4.61, Florida Appellate Rules, 32 F.S.A. The question certified is as follows:
"Whether or not Florida Statutes, Section 48.182 (1970),[2] applies retroactively to allow service under its provisions as to an alleged wrongful act committed prior to the enactment of the Statute."
The action commenced with the filing of a suit for personal injuries by Abner Wynn Gordon, appellant herein, in the United States District Court of Appeal for the Northern District of Florida. The complaint was filed on July 18, 1969, and alleged injuries resulting from an accident occurring on July 19, 1965. Florida Statutes *420 § 48.182, F.S.A. (set out supra footnote 2), sought to be used to obtain service on the defendant, was enacted in 1970 and has an effective date of July 1, 1970. Service attempted under Florida Statutes § 48.161 and § 48.181, F.S.A. was quashed by the United States District Court. No question has been raised on appeal or in this certificate concerning § 48.161 or § 48.181.
The United States District Court, in granting the motion to quash service under § 48.182, held:[3]
"With reference to the Florida statutes, it has been held that an amended statute could not be considered procedural and could not operate retrospectively when there was no pre-existing remedy, either because there was no previous method of service provided, or because the methods of service differed. * * * In Grammer v. Roman, 174 So.2d 443 (Fla.App. 1965), an amendment to a statute extending the remedies therein to third parties dealing with trustees under certain deeds of trust was held to be remedial in nature, and therefore could operate retrospectively. However, that amendment expressly provided that it was to be remedial. F.S. § 48.182, F.S.A. contains no such provision, and does not operate in furtherance of a pre-existing remedy, but rather operates to create a new remedy. Thus it falls within the proscription against retrospective operation. In addition, `* * * the authorities are in agreement that a longarm statute * * * is not applicable so as to validate an attempted service of process made prior to its effective date and jurisdictionally defective when made'. Annot. 19 A.L.R.3d 131, 141. This is the situation we have here."
The decision of the Florida District Court of Appeal, Third District, in Robert E. Marx, Inc. v. Scarney,[4] is in accord with the Federal District Court's decision in the instant case. In the Robert E. Marx case, the District Court of Appeal held that Florida Statutes § 48.182, F.S.A., had no retroactive application, stating:[5]
"It will be noted that the substituted service which was quashed by the order now on appeal was predicated on the new section 48.182, relating to commission of a wrongful act outside the state which causes loss or injury to a person or property within the state. However, since the claimed wrongful action (breach of contract) took place prior to the effective date of the statute relied upon as a basis for substituted service, as indicated by the allegations of the initial complaint, the use of the subsequently enacted `wrongful action' statute for substituted service was not authorized in this instance. That is so because that amendment or addition to Chapter 48 did not have retrospective effect. It was so held, and we feel correctly so, in Gordon v. John Deere Company, D.C., N.D.Fla. 1970, 320 F. Supp. 293."
After argument and upon consideration of the briefs and authorities cited,[6] we have concluded that the statute is not to be applied retroactively and that the question certified must, accordingly, be answered in the negative.
It is so ordered.
ROBERTS, C.J., and ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 451 F.2d 234 (CCA 5th 1971).
[2] Fla. Stat. § 48.182, F.S.A.: "Any nonresident person, firm, or corporation who in person or through an agent commits a wrongful act outside the state which causes injury, loss, or damage to persons or property within this state may be personally served in any action or proceeding against the nonresident arising from any such act in the same manner as a nonresident who in person or through an agent has committed a wrongful act within the state. If a nonresident expects or should reasonably expect the act to have consequences in this state or any other state or nation and derives substantial revenue from interstate or international commerce, he may be served; provided, that if such nonresident is deceased, his executor or administrator shall be subject to personal service in the same manner as a nonresident. This section shall not apply to a cause of action for defamation of character arising from the act. Added by Laws 1970, c. 70-90, § 1, eff. July 1, 1970."
[3] Gordon v. John Deere Co., 320 F. Supp. 293, 295 (N.D.Fla. 1970).
[4] 253 So.2d 722 (Fla.App.3rd 1971).
[5] Id. 253 So.2d at 723.
[6] Annot.: Retrospective Application of State Statutes Conferring In Personam Jurisdiction over Nonresidents, 19 A.L.R. 3rd 138 (1968).