333 So.2d 503 (1976)
Erik James GRIFFIS, a Minor, by His Parents and Natural Guardians, et al., Appellants (Plaintiffs),
v.
J.C. PENNY COMPANY, INC., a Corporation, et al., Appellees (Defendants).
No. BB-456.
District Court of Appeal of Florida, First District.
June 17, 1976.
*504 Rudy Hernandez, of Hernandez & Matthews, Jacksonville, for appellants.
Ronald L. Palmer and Charles Cook Howell, III, of Howell, Kirby, Montgomery, D'Auito & Dean, Jacksonville, for appellees.
MILLS, Judge.
The question raised by this interlocutory appeal is whether the plaintiffs must obtain service of process on the nonresident corporate defendant under the provisions of Section 48.182, Florida Statutes, or Section 48.193, Florida Statutes.
The plaintiffs allege that the defendant negligently manufactured a fondue pot which it distributed to J.C. Penny Company, Inc., where it was purchased in December of 1972 and given to plaintiffs as a gift. In December of 1973, the minor plaintiff was injured when the pot handle snapped causing hot oil to spill on him. Upon motions of defendant, the trial court dismissed plaintiffs' amended complaint and quashed the service of process on it. After filing a second amended complaint, plaintiffs moved the court to clarify its order by ruling whether they should serve process on the defendant under Section 48.182, Florida Statutes, or Section 48.193, Florida Statutes. The court ruled that on authority of AB CTC v. Morejon, 324 So.2d 625 (Fla. 1975), service of process would be governed by Section 48.182, Florida Statutes. This interlocutory appeal followed.
Section 48.182, Florida Statutes, became effective 1 July 1970, and Section 48.193, Florida Statutes, became effective 1 July 1973. Neither statute can be applied retroactively to allow service as to an alleged wrongful act or act or omission committed before enactment of the statutes. AB CTC v. Morejon, supra.
The alleged negligent acts of the defendant took place before December 1972, because it was then that Penny sold the allegedly defective pot to someone who gave it to plaintiffs.
Since the alleged negligent acts of the defendant took place before the effective date of Section 48.193, Florida Statutes, but after the effective date of Section 48.182, Florida Statutes, the trial court correctly ruled that Section 48.182, Florida Statutes, was applicable to this case.
This interlocutory appeal is dismissed.
BOYER, C.J., and McCORD, J., concur.