ENGLAND, Justice,
concurring.
I agree with the Court’s decision to discharge the writ of certiorari in this case as having been improvidently granted, but I deem it important to express my reasons more fully.
Petitioner had alleged direct conflict between the decision of the First District Court of Appeal below and this Court’s opinion in Lewis v. Judges of District Court, 322 So.2d 16 (Fla.1975). The alleged conflict stems from a factual background in this proceeding said to be identical to the facts in Lewis.
In 1973 Courtelis and others applied to the Comptroller of Florida, acting as Commissioner of Banking, for a bank charter. A conditional approval order was granted in late 1974 but rescinded in early 1975.[1] Following receipt of the notice of revocation, Courtelis’ group apparently received communications from the Commissioner indicating that their application could be processed under Florida’s Administrative Procedure Act which became effective on January 1, 1975, and stating that if they still desired to process their bank charter application they need not refile the original application but could merely file a statement showing the continued validity of data which had been submitted originally. They *1148 were also advised that a conference would be held on their application. Apparently, the requisite filing was made to continue the application, as an informal hearing was later held. In due course the Commissioner denied the requested bank charter, and after Courtelis’ group requested reconsideration, a second letter was sent by the Commissioner confirming the denial and presumptively putting the matter to an end.
Courtelis’ group filed a petition with the First District Court of Appeal seeking a review of the Commissioner’s action. The Commissioner responded with a motion to dismiss for lack of jurisdiction, which the district court granted in an order which recites in relevant part:
“It is ordered that the motion is granted. (See Lewis vs. Judges, [322 So.2d 16 (Fla.1975).])”
A request for rehearing was denied and review was sought here.
The basis upon which the district court ruled, judging from its reference to Lewis, appears to be that the bank application of Courtelis’ group was “an administrative adjudicative proceeding” under the old Administrative Procedure Act since the proceeding had begun before the effective date of the new Act.[2] Given the factual parallel with Lewis, such a decision does not conflict with Lewis so as to confer jurisdiction for review here. But, Courtelis asserts, the documents which are in the record show that the district court erroneously rejected his assertion that the new Act should apply either by reason of all parties’ “consent” under Section 120.72(2) or because the proceeding was legally “commenced” in 1975 by reason of the Commissioner’s acts with respect to the original application. The district court did not accept either construction of the record in this case, and it would require a review of the entire record of the proceeding to determine if the facts are at odds with the district court’s summary decision order. As I indicated in AB CTC v. Morejon, 324 So.2d 625, 628 (Fla.1975), it is not our constitutional privilege to search the record of district court proceedings resolved without opinions in order to locate alleged decisional conflicts.
OVERTON, C. J., and SUNDBERG, J., concur.

. Apparently the Courtelis group’s bank application was one of the 33 pending in the office of the Commissioner when the present Commissioner took office in January 1975. See Lewis v. Judges of District Court, 322 So.2d 16, 18 at n. 2 (Fla.1975).

. The record on review here does not contain the Commissioner’s motion.