Terry Wayne ROGERS, Plaintiff,

v.

FIRESTONE TIRE AND RUBBER CO. a foreign corporation, and Fruehauf Corporation, a foreign corporation, Defendants/Third Party Plaintiffs,

v.

BIRMINGHAM MANUFACTURING CO., INC., an Alabama corporation, Third Party Defendant.

No. 82–1335–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

Dec. 3, 1984.

John S. Seligman, Miami, Fla., for plaintiff.

Preddy, Kutner & Hardy, Rodd R. Buell, Miami, Fla., for defendants/third party plaintiffs.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINT

SPELLMAN, District Judge.

On June 5, 1984 Defendant Fruehauf filed a Third Party Complaint against Birmingham Manufacturing Co. Inc. ("Birmingham"). The Third Party Complaint alleged that Birmingham designed and manufactured the trailer which was ordered through Fruehauf by Hobbs Trailers and resold to Hatch. Fruehauf claims that Birmingham owed it a duty to properly design and manufacture the trailers, and in the event plaintiff, Rogers, succeeds in his litigation, then Fruehauf is entitled to indemnification from the third party defendant, Birmingham. On August 20, 1984 Birmingham moved to dismiss the Third Party Complaint and Quash Service of Process.

The third party plaintiff, Fruehauf, relied on Florida's Long Arm Statute § 48.193 in asserting this Court's jurisdiction. Section 48.193 reads:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person, and if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

(b) Commits a tortious act within this state.

    \*    \*    \*    \*    \*    \*

(f) Causes injury to persons or property within this state arising out of an act or omission outside of this state by the defendant, provided that at the time of injury either:

1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or

2. Products, materials, or things processed, serviced or manufactured by the defendant anywhere where used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

Section 48.193 became effective July 1, 1973. Neither this section, nor its predecessor which became effective July 1, 1970, may be applied retroactively to allow service as to an alleged wrongful act or omission committed before the enactment of the statute. *See Mac Millan-Bloedel, Ltd. v. Canada,* 391 So.2d 749 (5th DCA 1980). The third party plaintiff claims that the action accrues under the statute when the injury occurs. The third party defendant alleges the action accrues on the product's distribution date. The third party defendant is correct.

As authority, third party plaintiff cites *Griffis v. J.C. Penney Co.,* 333 So.2d 503 (1st DCA 1976). However, third party plaintiff has misinterpreted that court's holding. The accident in *Griffis* occurred in December of 1973. Although § 48.193

became effective on July 1, 1973, the court held the negligent acts of the defendant took place at the time it *sold* the defective item to the distributor, such time being prior to July 1, 1973. Therefore, § 48.193 was inapplicable. *Accord Public Gas Co. v. Weatherhead Co.,* 409 So.2d 1026 (Fla. 1982) (the product at issue was manufactured and distributed in the 1950's, which time was well before the 1970 effective date of the original statutory predecessor of § 48.193).

This Court finds that the essential date for application of § 48.193 is the date on which the product was sold by Fruehauf (December 7, 1968), rather than the date of injury as asserted by the third party plaintiff. Since the effective date of Florida's Long Arm Statute was July 1, 1970, jurisdiction is not proper under this statute.

Having reached the conclusion that Fruehauf failed to sustain the propriety of substitute service under Fla.Stat. § 48.193 (1973), the question becomes whether Birmingham is subject to jurisdiction under Fla.Stat. § 48.181 (1957).

Section 48.181 of the Florida Statutes reads:

(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state.

Application of § 48.181 requires the alleged injury be occasioned by defendant's business activities within the state. *See Holiday Inns Inc. v. Jamison,* 353 So.2d 1269 (1st DCA 1978). Additionally, if plaintiff relies on subsection (3) (which the

plaintiff does here), the plaintiff must allege and prove the defendant had a requisite degree of control over a jobber, broker, wholesaler or distributor alleged to have sold its products within the state of Florida. *AB CTC v. Morejon,* 324 So.2d 625 (Fla.1976). In *Morejon* the Florida Supreme Court held that a Florida resident who had been injured and sought to assert jurisdiction over a nonresident manufacturer failed to sustain propriety of substituted service of process on the Secretary of State pursuant to § 48.181 subsections (1) and (3) because plaintiff failed to show that the manufacturer exercised control over wholesalers, distributors or brokers of its products or control over the actual manufactured items in such person's possession.

Thus, for the reasons stated above, the Third Party Complaint is dismissed since the third party plaintiff may not avail itself to jurisdiction under § 48.193 because the negligent acts occurred before July 1, 1970. Furthermore, § 48.181 does not save the Third Party Complaint here since the third party plaintiff failed to allege the manufacturer exercised control over its wholesalers, distributors or brokers in this state.[1] This dismissal is without prejudice to the alleged cause of action against Birmingham in a court having competent jurisdiction over the same.

Based on this ruling, Plaintiff's Motion for a Separate Trial of the third party claim, filed on October 11, 1984, is declared moot.

---

1. In its response the third party plaintiff alleged that control was not a necessary allegation and that all that was required was to show that the non-resident defendant knew or should have reason to anticipate that its product would be shipped into interstate commerce so that it would foreseeably injure a Florida user. As authority, *Life Laboratories Inc. v. Valdes,* 387 So.2d 1009 (3d DCA 1980) was cited. However, not only did the court there reject jurisdiction, but the court made reference to there being no allegations that Life Lab made marketing, advertising or distribution decisions or that they *controlled* those determinations by the co-defendant. *Id.* at 1011.