SHARP, Judge.
These consolidated appeals[1] present the identical issue of whether the trial courts’ orders denying Peabody International Corporation’s (Peabody) motions to quash for lack of jurisdiction over the person were correct.[2] We hold that the trial courts erred and accordingly reverse.
In both cases, representatives of persons killed in 1977 by a boiler explosion in Bre-vard County,[3] sued Wylain, Inc., a Tennessee corporation authorized to do business in Florida. Wylain had assembled or manufactured the boiler, and sold it to the Brevard County School Board in 1966. Wylain then filed identical third party complaints against Peabody on the theory that a defective pilot light valve manufactured by its corporate predecessor caused the explosion, and that it was ultimately responsible for the damages sought to be imposed against Wylain in the suits.
The question in these non-final appeals is whether Wylain properly obtained jurisdiction over Peabody, a foreign corporation, through service on the Secretary of State, via Florida’s “Long-arm” statute. Wylain attempts to assert jurisdiction pursuant to section 48.193, Florida Statutes (1983).[4] However, this court has expressly held that section 48.193 has no retroactive application to causes of action accruing before its effective date of July 1973. Mac-Millan-Bloedel, Ltd. v. Canada, 391 So.2d 749 (Fla. 5th DCA 1980).
Wylain argues that despite the fact that the sale of the valve occurred before 1973, the statute applies since the injuries occurred in 1977. In Griffis v. J.C. Penny Company, Inc., 333 So.2d 503 (Fla. 1st DCA 1976), a defective pot was sold in December 1972, and caused an injury one year later. The court held section 48.193 inapplicable stating “since the alleged negligent acts of the defendant took place before the effective date of section 48.193, Florida Statutes, but after the effective date of section 48.182, Florida Statutes, the trial court correctly ruled that section 48.-182, Florida Statutes, was applicable to this case.” Id. at 504. Section 48.193 is not available to Wylain under the circumstances of this case.
Section 48.193’s predecessor statute was section 48.182 (repealed in 1973) which provided, in pertinent part, “any non-resident ... corporation ... who ... commits a wrongful act outside this state which causes injury ... to persons within the state may be personally served in any action or proceeding against the non-resident arising from such act_” In AB CTC v. Morejon, 324 So.2d 625 (Fla.1975), the supreme court held that a “wrongful act” in an action for breach of warranty was the date of the sale. In the case sub judice, the allegedly defective part was sold to Wylain in 1966, before section 48.182 became effective in 1970. Therefore, this statute also does not apply to these cases.
*483 The remaining long arm statute is section 48.181, Florida Statutes (1983). This statute requires that a non-resident be engaged in a business or a business venture, in Florida, and that the cause of action be connected with it, or be incidental to it. That section states:
[T]he acceptance by any ... foreign corporation ... of the privilege extended by law to non-residents ... to conduct, engage in, or carry on a business or a business venture ... constitutes an appointment by the persons or foreign corporations of the secretary of state as the agent on whom all process in any action ... against them arising out of any transaction or operation connected with or incidental to the business or business venture may be served.
The cases interpreting this statute hold that generally an isolated act in this state “which from any objective viewpoint could not be held to constitute the operation, conduct, engagement in or carrying on of a business or business venture” is not a sufficient basis to assert personal jurisdiction over a non-resident under this statute. Lyster v. Round, 276 So.2d 186, 188 (Fla. 1st DCA), cert. denied, 283 So.2d 105 (Fla.1973); see Elmex Corp. v. Atlantic Federal Savings and Loan Association of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976). See also Hyco Manufacturing Company v. Rotex International Corporation, 355 So.2d 471 (Fla. 3rd DCA 1978).
In this case, Wylain failed to allege or establish any kind of contact between Peabody’s predecessor who manufactured the valve and Florida. It simply alleged that the valve was sold to Wylain. But it did not allege the valve was sold to Wylain in Florida, or that the predecessor knew or intended the valve would enter a boiler as a component, which was to be assembled and used in Florida. It simply alleged Peabody’s predecessor placed the valve in the “ordinary course of commerce.” Merely because the currents of commerce swept the valve into this state is surely not a sufficient objective fact to establish that Peabody’s predecessor was doing business in Florida.
REVERSED.
ORFINGER and COWART, JJ., concur.

. Peabody International Corporation v. Wylain, Inc., Case No. 84-50; Peabody International Corporation v. Wylain, Inc., Case No. 84-1470.

. This case is properly before us pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(i).

. Eve R. Klassen, Personal Representative of the Estate of Henry Klassen; and Inez B. Pill, Personal Representative of the Estate of Thomas D. Pill.

.Section 48.193 provides, in pertinent part “(1) any person, ... who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from doing any of the following: ... (f) causes injury to persons or property within the state arising out of an act or omission outside of the state by the defend-ant_”