SHARP, Judge.
Hunter appeals from a dismissal of his complaint for lack of personal jurisdiction over the appellee, Challenge Machinery Company. The trial court relied on section 48.181, Florida Statutes (1983)[1] and the requirement of “connexity.” We affirm.
Hunter was injured in DeLand, Florida, while operating an allegedly defective paper cutter manufactured by Challenge in Michigan in 1957. Challenge sold the paper cutter to R.P. Banks Company on December 12, 1957, and shipped it to Chicago. Thereafter, Challenge was unaware of the location of the paper cutter until the commencement of this litigation. The record establishes, however, that at the time of the injury Challenge was doing business in Florida by selling paper cutters through interstate commerce, a large number of which were sold in Florida.
Since the alleged wrong, the manufacture of the machine, occurred before the enactment of section 48.193, applicable when a product manufactured elsewhere causes injury in Florida, Hunter cannot obtain personal jurisdiction over appellee by its use. AB CTC v. Morejon, 324 So.2d 625 (Fla.1975); Gordon v. John Deere Co., 264 So.2d 419 (Fla.1972); Weatherhead Co. v. Coletti, 392 So.2d 1342 (Fla. 3rd DCA 1980), approved, 409 So.2d 1026 (Fla.1982); Mac Millan-Bloedel, Ltd. v. Canada, 391 So.2d 749 (Fla. 5th DCA 1980); Tako v. Mayer Rothkopf Industries, Inc., 388 So.2d 1092 (Fla. 3rd DCA 1980). Section 48.181, Florida Statutes (1983) governs and this statute has been interpreted to contain *988 a “connexity” requirement. The wrong or injury must arise out of a transaction connected with or incidental to the foreign corporation’s activities within this state. General Tire and Rubber Company v. Hickory Springs Manufacturing Company, 388 So.2d 264 (Fla. 5th DCA 1980); American Baseball Cap, Inc. v. Duzinski, 308 So.2d 639 (Fla. 1st DCA 1975).
In the instant case, the manufacture and sale occurred outside the State of Florida and the paper cutter’s later arrival in Florida had no connection with any transaction or business of Challenge. See, e.g., Canron Corp. v. Holt, 444 So.2d 529 (Fla. 1st DCA 1984). There was no showing in this case that when the paper cutter was manufactured in 1957, that Challenge was engaged in selling paper cutters in Florida through interstate commerce. Shoei Safety Helmet Corp. v. Conlee, 409 So.2d 39 (Fla. 4th DCA 1981), dismissed, 421 So.2d 518 (Fla.1982) is distinguishable because here, unlike that case, Challenge was not involved in Florida when the product was sold in 1957 and its sale was to a user. Kravitz v. Gebrueder Pletscher Druckgusswaremfabrik, 442 So.2d 985 (Fla. 3rd DCA 1983) is also distinguishable because there jurisdiction was based upon section 48.193(l)(f)2, Florida Statutes (1981) and not section 48.181.
AFFIRMED.
DAUKSCH, J., and BOARDMAN, E.F., Associate Judge, concur.

. § 48.181(1), Fla.Stat. (1983) provides:
(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations. (Emphasis added).