**POLSKIE LINIE OCEANICZNE d/b/a Polish Ocean Lines,
Plaintiff-Appellant,**

v.

**SEASAFE TRANSPORT A/S,
Defendant-Appellee.**

No. 85–5678.

United States Court of Appeals,
Eleventh Circuit.

Aug. 8, 1986.

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Brett Rivkind, Miami, Fla., for plaintiff-appellant.

Glenn G. Kolk, Miami, Fla., for defendant-appellee.

Before HILL, Circuit Judge, HENDERSON * and BROWN **, Senior Circuit Judges.

HILL, Circuit Judge:

Appellant, Polskie Linie Oceaniczne d/b/a Polish Ocean Lines ("Polskie"), a Polish corporation, brought this action against Seasafe Transport A/S ("Seasafe Transport"), a Norwegian corporation, for

---

\* *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

damages suffered in September, 1982, when a container lashing system supplied by Seasafe Transport malfunctioned.[1] Polskie sought to obtain personal jurisdiction over Seasafe Transport through its wholly owned subsidiary, Seasafe, Inc., a Florida corporation located in Miami.

The district court granted defendant's motion to dismiss for lack of personal jurisdiction, finding that the 1984 amendments to Fla.Stat. §§ 48.181 and 48.193 were not applicable and that Seasafe Transport had no connection with Florida sufficient to subject it to jurisdiction under the statutes in effect when the cause of action arose.

## DISCUSSION

### Retroactive Application of the 1984 Amendments

■ In 1984, the Florida legislature amended Fla.Stat. §§ 48.081(5), 48.181(3) and 48.193. The essential effect of the amendment appears to be the elimination of the "connexity" requirement previously imposed on long-arm jurisdiction. 1984 Fla.Laws Ch. 84-2. *But see American Motors Corp. v. Abrahantes*, 474 So.2d 271, 272 n. 1 (Fla.Dist.Ct.App.1985). The Florida courts generally do not apply amendments to Florida long-arm statutes retroactively. *See e.g., AB CTC v. Morejon*, 324 So.2d 625 (Fla.1975). Nevertheless, Polskie argues that Ch. 84-2 applies retroactively to this case because section 4 provides that: "This act shall take effect upon becoming a law and shall apply only to actions brought on or after the effective date." 1984 Fla.Laws Ch. 84-2 § 4. The Third District Court of Appeal of Florida held that the 1984 amendments do not apply to causes of action which accrued prior to the amendments' effective date:

> While the language of section 4 of chapter 84-2 may reasonably be viewed to evince a legislative intent that the 1984 amendments be applied to suits filed after the effective date although the underlying causes of action accrue before, it does not "clearly" and "unmistakably" evince such an intent. Section 4 does not provide that the act will apply to *all* actions brought on or after the act's effective date. In light of strong precedent holding that long-arm statutes operate prospectively only, we decline to hold otherwise absent an "express and unequivocal statement" from the legislature indicating a different intent.

*American Motors Corp. v. Abrahantes*, 474 So.2d 271, 274 (Fla.Dist.Ct.App.1985) (footnote omitted). *See also Hertz Corp. v. Abadlia*, 489 So.2d 753 (Fla.Dist.Ct.App. 1986). Federal courts are "bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir.1983). Thus, the district court did not err in declining to apply the 1984 amendments to this case.

### Jurisdiction under Fla.Stat. §§ 48.181 and 48.193 (1983)

■ Alternatively, Polskie claims that Seasafe Transport is subject to Florida jurisdiction under Fla.Stat. §§ 48.181 and 48.193 (1983) by virtue of "doing business" in the state.[2] Polskie claims that Seasafe

1. This is Polskie's second attempt to obtain jurisdiction over Seasafe Transport in the United States courts. Polskie was sued by the owners of the lost cargo in the United States District Court for the Southern District of New York. Polskie filed a third-party action against Seasafe Transport which was dismissed for lack of personal jurisdiction.

2. Prior to the 1984 amendments, section 48.181 provided that:
   (1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to *operate, conduct, engage in, or carry on a business* or business venture *in the state, or to have an office or agency in the state*, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on

Transport engaged in business in Florida through its wholly owned subsidiary, Seasafe, Inc., which sold products similar to the ones involved in this case.

The district court did not determine whether Seasafe Transport was doing business in Florida. Instead, it found there was no "connexity" between the Florida activities and the relationship between Polskie and Seasafe Transport (R. 221–22). Sections 48.181 and 48.193 (1983) required "connexity" in addition to the "doing business" requirement.

Personal jurisdiction over nonresident defendants in Florida is limited to situations where the cause of action arises from the doing of business in Florida or the cause of action has some other connection to a specified act committed in Florida. This has been described as the "connexity" requirement that must be met before jurisdiction over a nonresident can be sustained. It is clear that doing business in this state is not a sufficient basis, standing alone, upon which to

predicate long-arm jurisdiction. There must also be some nexus or connection between the business that is conducted in Florida and the cause of action alleged.

*Bloom v. A.H. Pond Co.*, 519 F.Supp. 1162, 1168 (S.D.Fla.1981) (footnote omitted), *quoted in, e.g., Nicolet, Inc. v. Benton*, 467 So.2d 1046, 1049 (Fla.Dist.Ct.App.1985). Polskie contends that the connexity requirement is satisfied even though the sale and supply of the container lashing system occurred totally outside Florida because its claim is based on the same type of activity that took place in Florida—the sale of Seasafe Transport's lashing equipment.[3] This argument, however, is merely a restatement of its claim that Seasafe Transport was doing business in Florida through Seasafe, Inc. The record does not show any connection whatsoever between the Florida business and this cause of action. We agree with the district court's holding that there was no connexity between Seasafe

whom all process *in any action* or proceeding against them, or any of them, *arising out of any transaction or operation connected with or incidental to the business* or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

(2) If a foreign corporation has a resident agent or officer in the state, process shall be served on the resident agent or officer.

(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any person, firm, or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state.

Fla.Stat. § 48.181 (1983) (emphasis added). Similarly, the 1983 version of section 48.193 provided:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

. . . .

(3) Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.

Fla.Stat. § 48.193 (1983).

3. Appellant relies on *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 572 (S.D.Fla. 1978), where the district court held that an injury was "incidental to" the defendant's Florida activities where the defendant advertised locally and maintained a cargo agent in Florida. *Poston* is distinguishable for at least two reasons: First, the district court did not discuss the Florida cases interpreting the connexity requirement; and, second, the plaintiff had its principal place of business in Florida and Miami was the cargo's point of destination. The present case has no connection with Florida at all.

Transport's alleged business activities in Florida and this cause of action.[4]

### Jurisdiction Under Fla.Stat. § 48.081(5) (1983)

In addition, Polskie claims that service of process on the resident agent of Seasafe, Inc. was sufficient to support the exercise of personal jurisdiction over Seasafe Transport under Fla.Stat. § 48.081(5) (1983).[5] Section 48.081(5) does not require "connexity between the cause of action being sued upon and the defendant foreign corporation's Florida business activities, if the defendant has a business office within the state and is actually engaged in business therefrom, and process is served upon a resident business agent of the defendant." *Eagle-Picher Industries, Inc. v. Proverb,* 464 So.2d 658 (Fla.Dist.Ct.App.1985).

Polskie claimed that Seasafe, Inc. was essentially a branch office of Seasafe Transport because Seasafe Transport advertised that it had an office in Florida and controlled the financial affairs of Seasafe, Inc. through Per Bergensen, president of both corporations. In response, Seasafe Transport submitted Per Bergensen's affidavit which stated that Seasafe Transport had cancelled its agreement with Seasafe, Inc. in the second half of 1984 and therefore Seasafe, Inc. was not Seasafe Transport's business agent when service of process was made in January, 1985. (R. 232–34) Bergensen's affidavit also referred to corporate reports, previously of record, which supported Seasafe Transport's contention that it had severed its relationship with Seasafe, Inc. See R. 193–200.

▮ A plaintiff has the burden of sustaining validity of service to invoke long-arm jurisdiction in the Florida courts. See, e.g., *Caribe & Panama Investments, S.A.*

*v. Christensen,* 375 So.2d 601, 603 (Fla. Dist.Ct.App.1979).

The procedure to be followed has been described by the Florida courts. First, the plaintiff must allege sufficient facts in his complaint to initially support long-arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint. *Electro Engineering Products Company v. Lewis,* 352 So.2d 862 (Fla.1977); *Compania Anonima Simantob v. Bank of America,* 373 So.2d 68 (Fla. 3d DCA 1979).

*Bloom,* 519 F.Supp. at 1168. Seasafe Transport made a prima facie showing that Seasafe, Inc. was no longer its business office or agent at the time of service. The burden then shifted back to Polskie. Rather than substantiate its allegation that Seasafe, Inc. was a business office or agent for Seasafe Transport when process was served, Polskie moved to strike Bergensen's affidavit as untimely. We find Polskie did not sustain its burden of justifying jurisdiction under Fla.Stat. § 48.081(5) (1983).

For the reasons stated above, the decision of the district court is

AFFIRMED.

---

4. Because we find the connexity requirement is not satisfied, we do not reach the question whether Seasafe Transport was doing business in Florida.

5. When a corporation has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent, resident

in the state, may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.
Fla.Stat. 48.081(5) (1983).