Bernard **CITRON** and Silvia Citron, Plaintiffs,

v.

**ARMSTRONG WORLD INDUSTRIES,** et al., Defendants.

No. 89–1375–CIV.

United States District Court, S.D. Florida.

July 31, 1990.

See also 721 F.Supp. 1259.

---

Robert Hannah, Hannah, Marsee, Beik & Voght, Orlando, Fla., Luis C. Bustamante, Stinson, Lyons, Gerlin and Bustamante, P.A., Miami, Fla., for Owens–Illinois, Inc., Fibreboard Corp., Pittsburgh Corning.

Joel R. Wolpe, Wolpe, Leibowitz, Berger & Brotman, Miami, Fla., for Carey Canada.

Roger G. Welcher, Welcher & Clark, Miami, Fla., for U.S. Mineral.

**1328**

David M. Lipman, Miyoshi D. Smith, Lipman & Weisberg, Miami, Fla., for plaintiffs.

Susan J. Cole, Blaire & Cole, Coral Gables, Fla., for Eagle–Picher.

Ben J. Weaver, Weaver, Weaver & Petrie, Ft. Lauderdale, Fla., for Manville Corp. Asbestos Disease Compensation Fund.

Virginia Johnson, Kubicki, Bradley, Draper, Gallagher & McGrane, Miami, Fla., for W.R. Grace.

R. Layton Mank, Blackwell Walker P.A., Miami, Fla., for Owens Corning.

## ORDER

NESBITT, District Judge.

This cause comes before the Court upon Defendant Fibreboard Corporation's Motion for Summary Judgment for Lack of Personal Jurisdiction, filed July 3, 1990. After due consideration, it is hereby ORDERED and ADJUDGED that Defendant's motion is DENIED.

### 1. *Facts*

In this diversity case, the facts material to Defendant's motion are undisputed. Plaintiffs seek damages for injuries allegedly caused by Bernard Citron's inhalation of asbestos fibers from asbestos-containing products manufactured by Defendant. His exposure to those products manufactured by Defendant occurred solely outside of the state of Florida, and it is undisputed that he was not exposed to asbestos products after 1978. Obviously, then, the products to which he was exposed were manufactured and distributed during or before this year. However, Plaintiff was diagnosed only in 1989, and thus his cause of action *accrued* after last year. *See Wildenberg v. Eagle–Picher Industries*, 645 F.Supp. 29, 30–31 (S.D.Fla.1986) (cause of action accrues at time that injury is discovered or should have been discovered).

Defendant is a Delaware Corporation with a principal place of business in California. It is not a resident of the state of Florida, and it does not have a resident agent to accept service. Plaintiffs must therefore rely on a long-arm statute to obtain jurisdiction.

Defendant has filed a motion for summary judgment which contends that Plaintiffs have not satisfied the requirements of the long-arm statute applicable to this action. The basis for the dispute over the propriety of summary judgment is the parties' disagreement as to which long-arm statute is applicable under the facts of this case.

### 2. *Analysis*

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and [if] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

In support of the assumption of personal jurisdiction, Plaintiffs have relied on Fla. Stat. § 48.193(2) (1985), which provides for jurisdiction over nonresident defendants who engage in "substantial and not isolated activity within the state," irrespective of whether Plaintiff's claims arise from that activity. This provision, adopted in 1984, eliminated the requirement, appearing in the 1973 versions of the long-arm statute, that a plaintiff demonstrate that the cause of action arises from the doing of business in Florida or that the cause of action has some other connection to a specified act committed in Florida. This requirement has been described as the "connexity" requirement. *See Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir.1986).

Defendant argues that (1) because the asbestos products at issue were manufactured and distributed well before 1984, the prior version of Florida's long-arm statute applies and (2) under the facts of this case, the connexity required by the prior version

does not exist. Plaintiffs have not presented any evidence to raise a genuine dispute as to the second of these contentions. Rather, they argue that, because Mr. Citron's cause of action *accrued* after 1984, the version of the long-arm statute as amended in 1984 applies and therefore that no connexity requirement need be met.

Thus, the only dispute before the Court is a purely legal one: whether the older or the 1984 amended version of the long-arm statute applies in this case. The resolution of this issue is dependent on a single legal question: in an asbestos case, does the amended long-arm statute apply if the plaintiff's cause of action *accrues* after the effective date of the amendment, or must the asbestos products be manufactured or distributed after this date in order for the amended version to apply?

The Florida Supreme Court has never addressed this issue in the context of the unique circumstances created by an asbestos case. Therefore, the Court must look to other decisions of that court and to the decisions of Florida appellate courts in order to determine how the Florida Supreme Court might rule if presented with this issue. *See Fidelity Union Trust Co. v. Field,* 311 U.S. 169, 61 S.Ct. 176, 178, 85 L.Ed. 109 (1940).

It is clear that the long-arm statute as amended in 1984 cannot be applied retroactively. *Cf. AB CTC v. Morejon,* 324 So.2d 625 (Fla.1975); *Gordon v. John Deere Co.,* 264 So.2d 419 (Fla.1972). However, the Florida district courts of appeals appear split on the issue of the appropriate time at which application of the statute becomes prospective. Some courts have held that the "wrongful act" that must occur after the effective date of the long-arm statute occurs at the time of manufacture or distribution, whereas other courts of appeals, together with a panel of the Eleventh Circuit Court of Appeals and several federal judges in this district, have concluded that the rule against retroactive application is not violated so long as the cause of action has "accrued" after the effective date of the statute. *Compare Polskie Linie Oceaniczne v. Seasafe*

*Transport,* 795 F.2d 968, 970 (11th Cir. 1986) (quoting Florida court of appeal case holding that the 1984 amendments do not apply to causes of action accruing prior to the amendments' effective date); *Alfonso v. Armstrong World Industries, Inc.,* No. 87–0252 (S.D.Fla. February 2, 1988) (order denying motion to dismiss for lack of personal jurisdiction); *In re Asbestos Litigation,* 679 F.Supp. 1096, 1099–1100 (S.D.Fla. 1987); *Wildenberg v. Eagle–Picher Industries, Inc.,* 645 F.Supp. 29, 30 (S.D.Fla. 1986) (applying long-arm statute in existence at time cause of action accrued); *Utility Trailer Manufacturing Co. v. Cornett,* 526 So.2d 1064 (1st DCA 1988) (same); *American Motors Corp. v. Abrahantes,* 474 So.2d 271, 274 (3rd DCA 1985) (same) *with Rogers v. Firestone Tire and Rubber Co.,* 599 F.Supp. 676 (S.D.Fla.1984) (applying long-arm statute in existence on date of sale of product); *Hunter v. Challenge Machinery Co.,* 481 So.2d 986 (Fla. 5th DCA 1986) (same); *Peabody Inter. Corp. v. Wylain, Inc.,* 467 So.2d 481 (Fla. 5th DCA 1985) (same).

Defendant argues that those cases that rely on the accrual date are wrong, and in support of this argument it cites *AB CTC v. Morejon,* 324 So.2d 625 (Fla.1975). In *Morejon,* the Florida Supreme Court stated, in a case involving not asbestos but rather a breach of warranty claim, that, to determine the applicability of a long-arm statute, it had first to determine the date of the "wrongful act." *Id.* at 627. It concluded that the wrongful act was the breach of warranty, and, relying on Fla. Stat. 672.725(2), it held that the breach of warranty occurred at the time of delivery of the negligently manufactured washing machine. *Id.* at 628 ("[W]e hold that the wrongful act, the breach of warranty, occurred when tender of delivery was made.").

Unlike in *Morejon,* there is no breach of warranty at issue in this case. Here, the "wrongful act", i.e. the tort, was not completed until an injury occurred. Defendant has therefore presented no persuasive reason for this Court to look to date of delivery or manufacture of the asbestos prod-

ucts, and hence no persuasive reason why the Court should reverse its own position and ignore the view of the Eleventh Circuit and the many Southern District Judges and state district courts of appeals holding that the accrual date is the appropriate date to use when the determining the applicability of the long-arm statute.[1]

Because Plaintiff's cause of action accrued after 1984, the applicable long-arm statute is the version of 48.193 as amended in 1984. Accordingly, Defendant Fibreboard's Motion for Summary Judgment for Lack of Personal Jurisdiction is DENIED.

DONE and ORDERED.

---

1. The Court notes that, in its *Polskie* opinion, the Court of Appeals for the Eleventh Circuit, in addition to approving of the district court's use of the accrual date, also cited *Morejon*. Apparently, then, the court did not feel that the use of the date of accrual conflicted with the Florida Supreme Court's holding in *Morejon*.