(September 26, 1980)

■ In the Matter of JEANNE STEINHARDT, as Executrix of JAMES McKEE, JR., Deceased, Appellant-Respondent, v JOHNS MANVILLE CORPORATION et al., Respondents-Appellants, and UNARCO INDUSTRIES, INC., Respondent.—Order modified and, as modified, affirmed, without costs, and complaint dismissed, in accordance with the following memorandum: Decedent James McKee had been employed continuously working with a variety of asbestos products from 1944 until 1970. In 1970 he developed respiratory ailments and stopped working because of his deteriorating physical condition. In 1973 his condition was conclusively diagnosed as asbestosis/pulmonary fibrosis with a moderate degree of obstructive pulmonary emphysema, all of which relate to the asbestos which plaintiff had allegedly ingested over his years of employment. This action was commenced in 1975 and plaintiff served a complaint in which alleged causes of action for negligence, strict products liability and breach of warranty of fitness and merchantability. (In August, 1979 McKee died of mesothelioma—an asbestos related cancer and a substitute plaintiff continues the action.) Plaintiff concedes that the cause of action for breach of warranty was properly dismissed as time barred, but argues that the negligence and strict products liability causes of action were timely, having been commenced within three years of the discovery of his condition. Plaintiff's argument is without merit. "The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues * * * the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury." (*Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 300; see, also, *Reis v Pfizer, Inc.,* 48 NY2d 664; *Thornton v Roosevelt Hosp.,* 47 NY2d 780; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212.) Here, the injury to plaintiff occurred when he inhaled the allegedly harmful substances, which was no later than 1970. Thus, the negligence cause of action was properly dismissed. Similarly, the cause of action for strict products liability sounds in tort and the period of limitations is the same as the period for negligence (*Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395). Accordingly, the cause of action for strict products liability should also be dismissed. All concur, Callahan, J., not participating. (Appeals from order of Erie Supreme Court—dismiss causes of action.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.