**Irving WILDENBERG, et al., Plaintiffs,**

v.

**EAGLE-PICHER INDUSTRIES, INC., et al., Defendants.**

**No. 82–6103–Civ.**

United States District Court,
S.D. Florida.

June 30, 1986.

William Berger, Jill Steinberg, Blank, Rome, Comisky & McCauley, Miami, Fla., for plaintiffs.

Norwood S. Wilner, Jacksonville, Fla., for Wellington Counsel.

Rodd R. Buell, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for Bendix Corp.

Susan J. Cole, Coral Gables, Fla., for Eagle-Picher Industries.

Peter Murphy, Lee, Schulte, Murphy & Coe, Miami, Fla., for Keene Corp.

Susan J. Cole, Blaire & Cole, Coral Gables, Fla., Henry G. Garrard, III, Blasingame, Burch, Gerrard & Bryant, Athens, Ga., for Pittsburgh Corning Corp.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

PAINE, District Judge.

This cause is before the Court for consideration of the motions for summary judgment filed by the remaining defendants (all other defendants having been dismissed from this cause): EAGLE–PICHER, KEENE CORPORATION, PITTSBURGH CORNING and BENDIX CORP. (D.E. 178, 188, 203 and 176, respectively). All four defendants claim that summary judgment should be granted on the grounds of statute of limitations, lack of personal jurisdiction and lack of product identification. All of these motions for summary judgment must be denied.

The defendants claim that the instant action is barred by the three-year New York statute of limitations. There is no dispute as to the following facts: The plaintiff's exposure to asbestos occurred in New York between the years of 1944 through 1946. He was diagnosed as having contracted asbestosis in June, 1979. The instant suit was filed in February, 1982.

Cases construing the New York statute of limitations hold that the limitations period begins to run in asbestos cases when the exposure to asbestos occurs. *Steinhardt v. Jons-Mansville Corp.*, 78 App.Div.2d 577, 432 N.Y.S.2d 422 (N.Y. 4th Dept. 1980), *affmd.*, 54 N.Y.2d 1008, 446 N.Y.S.2d 244, 430 N.E.2d 1297 (N.Y.Ct.App. 1981). In Florida, however, the limitations period begins to run when the injured party first discovers, or should have discovered, his injury. Fla.Stat. 95.031(2).

It is axiomatic that a cause of action for negligence, or products liability, or breach of warranty does not accrue until the complaining party sustains some type of damage. A cause of action sounding in tort arises in the jurisdiction where the last act necessary to establish liability occurred. *Colhoun v. Greyhound Lines, Inc.*, 265 So.2d 18 (Fla.1972). In Florida, the "last act" is discovery of the damage. In New York, it appears that the "last act" necessary to establish liability is the wrongful invasion or exposure. *Steinhardt, supra.* It is this dichotomous rule which has us at an impasse.

■ We have reviewed all the authorities cited by the parties and find no significant guidance therein. Taking the bull by the horns, we hold that the "last act" necessary to establish liability in this case was discovery of the injury. That occurred in Florida. Accordingly, the New York limitations period has no application to the facts before us. The cause of action accrued in Florida, and it is the Florida Statute of Limitations which applies. The plaintiff in the case at bar first "discovered" his injury in 1979; suit was filed in 1982, which was well within Florida's four year statute of limitations.

Defendants PITTSBURGH CORNING and EAGLE–PICHER both assert that summary judgment should be granted for lack of personal jurisdiction. Both defendants are non-resident defendants.

■ A federal court may exercise personal jurisdiction over a non-resident defendant "only to the extent permitted by the long-arm statute of the forum state." *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890 (11th Cir.1983). We must apply the long-arm statute in effect at the time the cause of action accrues. *MacMillan-Bloedel, Ltd. v. Canada*, 391 So.2d 749 (Fla. 5th DCA 1980). In a personal injury/products liability suit, the cause of action accrues when the injury is discovered or should

have been discovered. *Id.* at 750; *Accord, Colon v. Celotex Corp.,* 465 So.2d 1332 (Fla. 3d DCA 1985).

In his complaint, the plaintiff alleges that he was diagnosed as having asbestosis in June, 1979. The defendants do not challenge this fact, or make any contention that the plaintiff discovered or should have discovered his injury earlier. The long-arm statute in effect in 1979 was Fla.Stat. § 48.193 (which applies causes of action accruing after its effective date in 1973).

█ Fla.Stat. § 48.193(2) (1973) provides that a defendant who is engaged in substantial and not isolated activity within this state subjects itself to the jurisdiction of the courts of this state, regardless of whether the claim asserted arises from that activity. Both EAGLE–PICHER and PITTSBURGH CORNING admit, in their motion, that they began doing business in the State of Florida in 1957 and 1962, respectively. We assume they were still doing business in this state in 1979, when the plaintiff's claim arose. At the very least, they have failed to affirmatively show that they were *not* doing business in this state when the plaintiff's claim arose. Accordingly, the Florida courts, and, *a fortiori,* this Court, may exercise personal jurisdiction over those non-resident defendants.

█ Defendants KEENE CORP. and BENDIX CORP. contend that the plaintiff has failed to sufficiently identify any product manufactured by them and used by the plaintiff during the years 1944–1946. These defendants refer to discovery materials which are not a part of the Court record and have failed to submit any affidavit or other proof that would contradict the allegations in the complaint. Thus, these defendants have failed to carry their burden of demonstrating that there exists no genuine issue of material fact which remains to be decided and that they are entitled to judgment as a matter of law.

Based on the foregoing, it is hereby

ORDERED and ADJUDGED that the defendants' motion for summary judgement (D.E. 178, 188, 203 and 176) are Denied.