In re ASBESTOS LITIGATION.

Fred HAMMER, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Jacob WEISSMAN and Marguerite Weissman, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Mollie FOW, as Personal Representative of the Estate of Samuel H. Fow, deceased, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Loyal FLYNN and Margaret Flynn, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Enos MOBLEY and Marjorie Mobley, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Richard ALDRICH and Carole Aldrich, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Leonard WALTER and Rogene Walter, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Civ. Nos. 87–0300–A1, 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5, 87–0830–A6 and 87–0869–A7.

United States District Court, S.D. Florida, Miami Division.

July 13, 1987.

Susan J. Cole, Blaire & Cole, Coral Gables, Fla., for General Medical Counsel.

Brian S. Keif, Karl Santone, Miami, Fla., for defendant, Combustion Engineering.

Diane Sommerer, Haddad, Josephs & Jack, Coral Gables, Fla., for defendant, Raymark.

Dan B. Guernsey, Welbaum, Zook, Jones & Williams, Miami, Fla., for Crown Cork & Seal Co.

Tracy Howard, Harold Knecht, Jr., Miami, Fla., for defendant, Nicolet, Inc.

Miles A. McGrane, III, Talburt, Kubicki, et al., Miami, Fla., for defendant, W.R. Grace.

Roger Welcher, Miami, Fla., for defendant, U.S. Mineral.

David M. Lipman, Lipman & Weisberg, Miami, Fla., and Thomas H. Hart, III, Blatt & Fales, Barnwell, S.C., for plaintiffs Fred Hammer, et al.

Robin T. Symons, Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, Fla., for Garlock, Inc.

David L. Sullivan, Usich & Sullivan, Miami, Fla., for Foster Wheeler Corp.

William M. Douberley, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Miami, Fla., for Goodall Rubber Co., Inc.

NESBITT, District Judge.

This matter is before the Court on various motions filed by the Defendants in the above-styled cases consolidated for pre-trial proceedings and discovery only.

Several of the Defendants have filed various motions to dismiss and/or strike as well as motions for a more definite statement. This Order shall apply to the following motions: Defendant W.R. GRACE & CO.'s Motions to Dismiss the Complaints on the basis of insufficient pleading as to the counts of negligence, strict liability, breach of implied warranty and conspiracy, Motions for a More Definite Statement and Motions to Strike the claim for punitive damages and the allegations of fear of contracting cancer in cases 87–0300–A1, 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5, 87–0830–A6; Defendant GARLOCK, INC.'s Motions to Dismiss and to Strike on the same bases in cases 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5, 87–0830–A6; Defendant, GOODALL RUB-

BER COMPANY, INC.'s Motions to Dismiss as to the counts of negligence, strict liability, conspiracy, breach of implied warranty, and punitive damages and alternative Motions for More Definite Statement in cases 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5; Defendant UNITED STATES MINERAL PRODUCTS COMPANY's Motions to Dismiss the Complaints and Motions for More Definite Statement as to the counts of negligence, strict liability, conspiracy, breach of implied warranty, lack of personal jurisdiction and insufficient service of process and Motions to Strike the claim for punitive damages and the allegations of fear of contracting cancer in cases 87–0300–A1 and 87–0830–A6.

## MOTIONS TO DISMISS

As a threshold consideration in ruling on a motion to dismiss for failure to state a cause of action, the Court is aware that it is strictly confined in its consideration to the allegations found within the four corners of the complaint. *Copeland v. Celotex Corp.*, 447 So.2d 908 (Fla.Dist.Ct.App. 1984). Additionally, it is beyond peradventure that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears beyond doubt that the plaintiff under no set of circumstances can prove a set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

For the purpose of determining the sufficiency of the claim, all facts stated in the complaint are accepted as true and the likelihood of recovery is irrelevant. As has often been said, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Further, a motion to dismiss is not a substitute for a motion for summary judgment. All allegations in the complaint must be accepted as true and a court is not free to speculate as to what indeed may be true or ultimately proven. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## NEGLIGENCE AND STRICT LIABILITY

■ The Defendants' attack upon the negligence and strict liability counts are bottomed upon the proposition that the complaint does not allege or specify how the Plaintiffs purchased, used or otherwise came into contact with the Defendants' products. Consistent with requirements of Rule 8, Federal Rules of Civil Procedure, Plaintiffs have alleged proper claims for negligence and strict liability. The Plaintiffs have alleged in each complaint that the Defendants either mined, manufactured, distributed or produced asbestos-containing products, that the products were in a defective condition, that the Defendants either knew or should have known that the asbestos products were harmful to the Plaintiffs and that the Defendants failed to adequately warn Plaintiffs of the dangers in the products from which the Plaintiffs have suffered damages.

Under current controlling Florida substantive law the Defendants' concerns regarding the failure to identify the alleged defective product, the times, dates and places of exposure are without merit under *Copeland v. Celotex Corp.*, 447 So.2d 908 (Fla.Dist.Ct.App.1984). To require a plaintiff who is claiming injury over many years of exposure to asbestos to identify with more specificity facts at the pleading stage would cause an unrealistic and "insurmountable burden" and is not required.

## BREACH OF IMPLIED WARRANTY

■ The Defendants assert that the Plaintiffs have failed to state a claim upon which relief can be granted for breach of implied warranty in that the complaint fails to allege the privity of contract required by Florida substantive law. They also assert that Plaintiffs gave the Defendants no "notice" of the alleged breach within a reasonable time after discovery as is required by Fla.Stat. § 672.607(3)(a) (1985).

Upon an examination of the allegations of the implied warranty claims, it appears that Plaintiffs have set forth enough facts which, if proven, would entitle them to relief under Florida's Uniform Commercial

Code. There are sufficient allegations that Plaintiffs were foreseeable users of the product, and at the time of the sale and/or distribution of product Defendants possessed superior knowledge as to the dangerous propensities of the products, that Plaintiffs relied on Defendants' skill, superior knowledge and judgment to furnish a safe product and the defective product caused injury to the Plaintiffs. *See* Fla. Stat. § 672.318 (1985).

Plaintiffs have also alleged sufficient facts to state a claim for implied warranty under Florida common law. Contrary to Defendants' contention that there is a requirement of privity of contract required in implied warranty actions, it appears by the Eleventh Circuit's recent review of Florida cases that it is "unresolved as to whether there continues to be a common law implied warranty cause of action against a product manufacturer by a foreseeable user of that product in the absence of privity." *Kramer v. Piper Aircraft Corporation*, 801 F.2d 1279, 1282 (11th Cir.1986).*

■ Regarding the absence of notice to the Defendants as required by Fla.Stat. § 672.607(3)(a), the Florida courts have uniformly held that the notice requirements of § 672.607(3)(a) need not be complied with if Plaintiffs are merely warranty beneficiaries rather than buyers. *Taylor v. American Honda Motor Company, Inc.*, 555 F.Supp. 59 (M.D.Fla.1982).

### CONSPIRACY

■ Defendants' position is that the conspiracy claims of the Plaintiffs should be dismissed for the reason that the complaint lacks detailed facts sufficient to apprise the multiple Defendants of the facts which are the basis for the conspiracy. Defendants cite the general proposition that in order to properly plead an alleged conspiracy, allegations must be more definitive and are held to a stricter standard than other claims for relief. It is true that mere con-clusory notice pleading is insufficient in that a defendant must be specifically informed of the nature of the conspiracy which is alleged, and it is not enough to merely aver that a conspiracy existed. *See Fullman v. Graddick*, 739 F.2d 553 (11th Cir.1984). Upon an examination of the civil conspiracy counts, however, it appears that Plaintiffs have met this higher standard and have alleged facts which, if true, state a cause of action for civil conspiracy based upon the independent tort of fraudulent misrepresentation and concealment regarding the dangerous nature of the product, and for misrepresenting and concealing the extent of injuries that might be caused by the defective products.

### PERSONAL JURISDICTION AND SERVICE OF PROCESS

The Defendants seek to dismiss the actions on the basis that Plaintiffs have not pled ultimate facts nor shown any connexity between Defendants' products and the alleged injuries sufficient to support their contention that this Court has jurisdiction over the Defendants. In addition, Defendants contend that Plaintiffs have not properly asserted jurisdiction over a non-resident defendant under Fla.Stat. § 48.181 (long-arm statute), as they have made an insufficient showing of Defendants doing business in Florida.

Fla.Stat. § 48.193 (1973) is the long-arm statute which applies to actions accruing since 1973. In asbestos litigation, the "[c]ause of action accrues when the injury is discovered or should have been discovered." *Wildenberg v. Eagle–Picher Industries, Inc.*, 645 F.Supp. 29, 30–31 (S.D.Fla. 1986). The statute as amended in 1984 operates in these cases, as Plaintiffs diagnosed their asbestos diseases after April 25, 1984. This amended statute provides that a defendant subjects itself to jurisdiction within Florida when it has engaged in

---

* The Clerk of the Florida Supreme Court has of this date advised that oral argument on the issues certified by the Eleventh Circuit in *Kramer v. Piper Aircraft Corporation* was held on May 5, 1987 but as yet an opinion from the Florida Supreme Court has not been forthcoming. If in fact the Florida Supreme Court does not extend implied warranty claims to those in non-privity situations counsel for the Defendants will undoubtedly immediately bring this to the Court's attention by an appropriate pleading.

substantial and not isolated activity in the state irrespective of whether the claims asserted arise from that activity. *Wildenberg,* at 31.

Plaintiffs' complaints have adequately alleged either the existence of sufficient contacts of the Defendants with the State of Florida, or that they have transacted substantial revenue producing business which subjects them to the jurisdiction of this Court.

Plaintiffs are not required to allege a *connection* between the cause of action and the Defendants' business activities in order for this Court to exercise jurisdiction over the foreign defendants. The amendment to Fla.Stat. § 48.195 abolished this "connexity" requirement. *See Hertz Corp. v. Abadlia,* 489 So.2d 753, 754 (Fla.Dist.Ct. App.1985); *American Motors Corp. v. Abrahantes,* 474 So.2d 271, 273 (Fla.Dist. Ct.App.1985).

## MOTION TO STRIKE

The Defendants seek to strike under Fed.R.Civ.P. 12(f) certain references in the complaint regarding Plaintiffs' future risk of cancer and Plaintiffs' fear of developing cancer and any expenses that may occur in the future. It is well settled under substantive Florida law that evidence relating to an asbestos victim's increased risk of cancer is admissible in an appropriate case to demonstrate that a plaintiff "had a present mental distress caused by his fear of getting cancer in the future." *Eagle-Picher v. Cox,* 481 So.2d 517 (Fla.Dist.Ct. App.1985).

## PUNITIVE DAMAGES

The Defendants' Motion to Strike the Plaintiffs' Claim for Punitive Damages is premature and without merit at this stage of the proceedings. The Plaintiffs have alleged the acts of the Defendants were willful and wanton and exhibited a reckless disregard to the rights of others sufficiently to state a claim for punitive damages.

## MOTION FOR MORE DEFINITE STATEMENT

The Defendants' claim that they cannot frame a responsive pleading as there are insufficient facts to put them on notice as to when the Plaintiffs first became aware they had contracted asbestosis. A motion for more definite statement is proper only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e).

Upon examination of the complaints it appears that for the reasons previously discussed, the Defendants are fairly notified of the nature of the claim and the complaint fairly meets the requirements of Fed.R.Civ.P. 8. In the federal system the rules employ the concept of notice pleading and motions for more definite statement are disfavored in light of the liberal discovery practices. *Bazal v. Belford Trucking Company,* 442 F.Supp. 1089 (S.D.Fla. 1977). Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond. The Plaintiffs' pleadings in these consolidated cases do not fall within that category. Any information the Defendants require to prepare for trial may be obtained through discovery procedures.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Motions to Dismiss, to Strike and for More Definite Statement filed by W.R. GRACE & CO. in cases 87–0300–A1, 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5, and 87–0830–A6 are DENIED.

2. The Motions to Dismiss and for More Definite Statement filed by GOODALL RUBBER COMPANY, INC. in cases 87–0564–A2, 87–0632–A3, 87–0764–A3, and 87–0765–A5 are DENIED.

3. The Motions to Dismiss and Strike filed by GARLOCK, INC. in cases 87–0564–A2, 87–0632–A3, 87–0764–A4, 87–0765–A5, and 87–830–A6 are DENIED.

4. The Motions to Dismiss, to Strike and for More Definite Statement filed by the

Defendant UNITED STATES MINERAL PRODUCTS COMPANY in cases 87–0300–A1 and 87–0830–A6 are DENIED.

