**1094**

In re ASBESTOS LITIGATION.

Fred HAMMER, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Jacob WEISSMAN and Marguerite Weissman, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Mollie FOW, as Personal Representative of the Estate of Samuel H. Fow, deceased, Plaintiff,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Loyal FLYNN and Margaret Flynn, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Enos MOBLEY and Marjorie Mobley, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Richard ALDRICH and Carole Aldrich, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Leonard WALTER and Rogene Walter, his wife, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Nos. 87–0300–A1–CIV–Nesbitt, 87–0564–A2–CIV–Nesbitt, 87–0632–A3–CIV–Nesbitt, 87–0764–A4–CIV–Nesbitt, 87–0765–A5–CIV–Nesbitt, 87–0830–A6–CIV–Nesbitt, and 87–0869–A7–CIV–Nesbitt.

United States District Court, S.D. Florida, Miami Division.

Jan. 22, 1988.

Robert A. Hannah, Hannah, Marsee, Beik & Voght, Orlando, Fla., for Wellington defendants: Armstrong World Industries, Inc., Eagle–Picher Industries, Inc., Owens–Corning Fiberglas Corp., National Gypsum Co., Keene Corp., Ownes–Illinois, Inc., U.S. Gypsum Co., Amchem Products, Inc., H.K. Porter Co., Inc., GAF Co., Pittsburgh Corning Corp., Fibreboard Corp., Carey Canada, Inc., and, Rock Wool Manufacturing Co., Inc.

Susan J. Cole, Blaire & Cole, Coral Gables, Fla., for General Medical.

Brian S. Keif, Karl Santone, Miami, Fla., for defendant, Combustion Engineering.

Diane Sommerer, Haddad, Josephs & Jack, Coral Gables, Fla., for defendant, Raymark.

Dan B. Guernsey, Welbaum, Zook, Jones & Williams, Miami, Fla., for Crown Cork & Seal Co.

Miles A. McGrane, III, Talburt, Kubicki, et al., Miami, Fla., for defendant, W.R. Grace.

Roger Welcher, Miami, Fla., for defendant, U.S. Mineral.

David M. Lipman, Lipman & Weisberg, Miami, Fla., Thomas H. Hart, III, Blatt & Fales, Barnwell, S.C., for plaintiffs Fred Hammer, et al.

Robin T. Symons, Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, Fla., for Garlock, Inc.

David L. Sullivan, Usich & Sullivan, Miami, Fla., for Foster Wheeler Corp.

William M. Douberley, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Miami, Fla., for Goodall Rubber Co., Inc.

NESBITT, District Judge.

This cause is before the Court on the Wellington Defendants' (Armstrong World Industries, Inc., Eagle–Picher Industries, Owens–Corning Fibreglas, National Gypsum Co., The Keene Corporation, Owens–Illinois, Inc., U.S. Gypsum, Amchem Products, Inc., H.K. Porter Company, Inc., GAF Corporation, Pittsburgh Corning Corp., Fibreboard Industries, Carey Canada, Inc., and Rock Wool Manufacturing Co.) Motion for Reconsideration of this Court's Order entered July 10, 1987. The Defendants contend that the Court's ruling on the applicable long-arm statute was incorrect as a matter of law, and that the Court's reliance on Judge Paine's opinion in *Wildenberg v. Eagle–Picher Ind., Inc.*, 645 F.Supp. 29 (S.D.Fla.1986) was misplaced. As the Honorable James Paine ruled in that opinion, "We have reviewed all the authorities cited by the parties and find no significant guidance therein." *Id.* at 30.

The Defendants argue that the pre–1984 version of Florida's long-arm statute applies in these cases because in product liability cases, a claim accrues as of the date of manufacture of the defective product rather than the date the injury was or should have been discovered. None of the cases Defendants cite, however, are asbestos cases, which are unique among product liability actions. In *Universal Eng'g Corp. v. Perez*, 451 So.2d 463 (Fla.1984), the Supreme Court of Florida recognized that occupational diseases are different from other personal injuries. In determining when a cause of action accrues for statute of limitations purposes, the court found that the statute runs not from the time of infliction of the injury, but "from the time that the employee knows or should have known that the disease was occupational in origin, even though diagnosis of the exact cause has not yet been made." *Id.* at 468 (quoting *Seaboard Air Line R.R. Co. v. Ford*, 92 So.2d 160, 165 (Fla.1956)). In a similar context almost forty years ago, the United States Supreme Court found that a cause of action for an occupational illness does not accrue until the plaintiff discovers his disease:

> [To bar the claim] would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, [Plaintiff] was charged with knowledge of the slow and tragic disintegration of his lungs; under this view [Plaintiff's] failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability.

*Urie v. Thompson*, 337 U.S. 163, 169, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282 (1949). Although the above-cited cases concern statutes of limitations, the reasoning is applicable to the instant case as well.

For these reasons, the Court restates its reliance on *Wildenberg* and holds, as before, that a cause of action for asbestos-related illnesses accrues when the injury is discovered or should have been discovered. Because the Plaintiffs' diseases were diagnosed after April 25, 1984, the amended version of the long-arm statute applies to the Defendants in these cases. It is therefore

ORDERED AND ADJUDGED that the Motion for Reconsideration be and the same is hereby DENIED.