**CITY OF MIAMI FIREFIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Plaintiff,**

v.

**INVESCO MIM, INC., f/k/a Invesco Capital Management, Inc. and DeMarche Associates, Defendants.**

**No. 91–2210–CIV.**

United States District Court, S.D. Florida.

April 6, 1992.

Hugo L. Black, Jr., Kelly, Black, Black, Byrne, Beasley, Bales & Ross, P.A., Miami, Fla., for plaintiff.

Bradshaw Lotspeich, Miami, Fla., for defendant DeMarche.

William F. Hamilton, Holland & Knight, Miami, Fla., for defendant Invesco.

## ORDER

GRAHAM, District Judge.

THIS CAUSE came before the Court upon Defendant Invesco MIM's (hereafter "Invesco") Motion to Dismiss Count I and to Strike Plaintiffs' (hereafter "the Trust") request for Attorney's Fees.

## FACTS

On December 15, 1982, the Trust entered into an agreement with Invesco to have Invesco serve as a general investment advisor to manage the Plaintiffs' Trust assets. Section 8 of the Agreement states that "[t]he General Investment Advisor [Invesco] shall not be liable for ... any loss to or diminution of the property in the Account, except such as is due to its own negligence, willful misconduct, or lack of good faith." On April 9, 1986, Invesco traded the Trust's shares of Texas Air stock for a profit of $551,779.66. On or about October 16, 1987, however, Invesco again invested on behalf of the Trust in Texas Air stock which resulted in a loss of $969,118.55. On September 6, 1991, the Trust filed suit against Invesco in Circuit Court for Dade County, Florida to recover its loss. On October 4, 1991, that suit was removed to this Court.

Count I of the complaint, although not labelled, seeks compensatory damages in the amount of $417,338.89, under a claim of tort for the damages resulting from Invesco's wanton, willful and reckless conduct of speculating in the stock of Texas Air. The Trust also seeks attorneys' fees and reserves the right to seek punitive damages in the amount of $1,252,016.67. Invesco seeks dismissal of Count I on the basis that the Trust is prohibited from alleging a tort claim by the "economic loss rule".

## STANDARD

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that under no set of facts can plaintiff state a cause of action which would entitle them to relief. *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Quinones v. Durkis*, 638 F.Supp. 856 (S.D.Fla.1986). When a federal court considers a motion to dismiss at the pleadings stage, it must apply the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir.1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail facts upon which the claim is based. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Neizil v. Williams*, 543 F.Supp. 899 (S.D.Fla.1982). Finally, the issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hammer v. Armstrong World Industries*, 679 F.Supp. 1096, 1098 (S.D.Fla.1987).

## LAW

■ The Florida Supreme Court has addressed the issue of the application of the "economic loss rule" and has stated that no independent tort can exist solely for contractually based economic damages, absent personal injury or damage to property other than that which was subject to the contract. *AFM Corporation v. Southern Bell Telephone and Telegraph Co.*, 515 So.2d 180 (Fla 1987); *Florida Power & Light Company v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987); *Interstate Securities Corporation v. Hayes Corp.*, 920 F.2d 769 (11th Cir.1991). If a claimant, however, does not have a contractual remedy because no contract exists, then this lack of alternate means of recovery provides claimant with an exception to the

economic loss rule. *See Interstate Securities*, 920 F.2d at 777; *Latite Roofing Company v. Urbanek*, 528 So.2d 1381 (Fla. 4th DCA 1988).

## APPLICATION

The Trust's position as specified in the complaint is that Invesco breached its duty to the Trust to manage the Trust's assets in accordance with the applicable standards by the wanton, willful and reckless conduct of speculating in Texas Air stock. Although the Trust does not label this tort allegation, Count I resembles a breach of fiduciary duty claim. The Trust alleges that the duty is imposed by Florida law under Section 40–204(D)(1)(b) of the Miami Code and Fla.Stat. ch. 518.11 (1987)[1] as well as the contract.

The Court of Appeals for the Eleventh Circuit's analysis of the "economic loss rule" in *Interstate Securities Corporation v. Hayes Corp.*, 920 F.2d 769 (11th Cir. 1991) provides ample guidance on the issue before this Court. In *Interstate*, plaintiff, a securities brokerage firm, entered into three contracts with the defendant corporation (hereafter "defendant") allowing defendant to trade options through plaintiff's account. Defendant wrote options for stock in Reebok International for plaintiff's account. After a quick rise in Reebok stock, however, the equity at the plaintiff's account written by defendant was rapidly depleted. Shortly thereafter, plaintiff liquidated the account and filed suit against defendant to recover the amount allegedly owed the plaintiff by defendant. Defendant counterclaimed for breach of fiduciary duty and negligent handling of accounts. Defendant argued that plaintiff breached the duty imposed by Florida law upon brokers not to act negligently in the handling of customer accounts, by making investment decisions in the account that increased its losses. At trial, the defendant's counterclaims were rejected and defendant appealed.

The primary issue raised on appeal was whether the "economic loss rule" barred defendant's negligence and breach of fiduciary duty claims. The Court of Appeals detailed its analysis of *AFM Corporation v. Southern Bell Telephone & Telegraph Co.*, 515 So.2d 180 (Fla.1987), the leading case on the "economic loss rule", and held that the negligence and breach of fiduciary duty claims are foreclosed under *AFM* when there's an agreement signed by both parties and alternative theories of recovery exist.

Specifically as to the fiduciary duty claim, the Eleventh Circuit reasoned that Florida law imposes the duty upon the account manager only after an agreement has been entered into with an investor. Hence, if parties have entered into an agreement, a claim for breach of fiduciary duty must be dismissed since it is dependent upon the existence of a contract. *Interstate Securities*, 920 F.2d at 776–77.

■ Similarly, in the instant case, the relationship between the Trust and Invesco was formed only after the parties entered into the Investment Advisory Agreement on December 15, 1981 involving the management of the Trust's assets by Invesco. Additionally, the Trust's tort allegations in Count I do not assert any personal or property damage other than the compensatory damages resulting from any breach of contract. Finally, section 8 of the Agreement provides the Trust with means to seek redress of any damages

---

1. Ch. 518.11 states:

Investments by fiduciaries; prudent man rule.—In acquiring, investing, reinvesting, exchanging, retaining, selling and managing property for the benefit of another, executors, administrators, trustees and other fiduciaries shall exercise the judgment and care under the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. Within the limitations of the foregoing standard, a fiduciary is authorized to acquire and retain every kind of property ... which men of prudence, discretion, and intelligence acquire or retain for their own account, and within the limitations of the foregoing standard, a fiduciary may retain property properly acquired, without limitation as to time and without regard to its suitability for original purchase.

caused by Invesco, thus, plaintiffs' can seek recovery through a claim for breach of contract.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Invesco's Motion to Dismiss Count I is hereby GRANTED. Hence, this Court need not address the Attorneys' Fees issues.

DONE AND ORDERED.