**HARVEY M. JASPER RETIREMENT TRUST and Harvey M. Jasper Individual Retirement Account, Plaintiffs,**

v.

**IVAX CORPORATION and Phillip Frost, et al., Defendants.**

**No. 94–865–CIV.**

United States District Court,
S.D. Florida.

Nov. 17, 1995.

Atlee W. Wampler, III, Wampler, Buchanan & Breen P.A., Miami, Florida, William S. Lerach, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA, for plaintiffs Harvey M. Jasper Individual Retirement Account and Jerry H. Boron.

James Frederick Jorden, Jorden, Burt & Berenson, Miami, FL, for consolidated plaintiff, James M. Sweeney.

Michael J. Pucillo, Burt & Pucillo, West Palm Beach, FL, for plaintiffs Mark Nagelsen, Steven Samuels, Madeline Bicking and Stanley Dick.

Hugh F. Culverhouse, Jr., Miami, FL, for plaintiff William Miller.

Alan Harold Fein, Stearns Weaver Miller Weissier Alhadeff & Sitterson P.A., Miami, FL, for defendants.

### *ORDER ADOPTING REPORT AND RECOMMENDATION*

ATKINS, Senior District Judge.

THIS CAUSE comes before the court on the Honorable Magistrate Judge Ted Bandstra's Report and Recommendation (R & R) (D.E. 111) on plaintiffs' Motion for Class Certification (D.E. 25) and defendants Ivax Corporation, Phillip Frost, Richard Pfenniger and Andrew Zinzi's Motion to Dismiss Consolidated Amended Complaint (D.E. 44). In his R & R, the magistrate judge recommends granting the motion for class certification but providing defendants with leave to challenge the certification later if it is determined that the requirements have not been met and denying defendants' motion to dismiss. Plaintiffs did not file any objections. Defendants filed objections only to that portion of the R & R recommending denial of their motion to dismiss. The parties have fully briefed the issue for the court.

While neither party objected to the magistrate judge's recommendation to grant the motion for class certification, the court, nevertheless, is under an obligation to review that recommendation based on the record before it. The court has done this and agrees with the magistrate judge that, at the

present time, it appears that plaintiffs have met the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the court adopts that recommendation with the condition set forth by the magistrate judge on page 1267 of his R & R.

Upon careful consideration of the record, the court also adopts the magistrate judge's recommendation to deny defendants' motion to dismiss. Since the court is in complete agreement with the magistrate judge's determination, it does not find it necessary to readdress and reiterate all the points made by the magistrate judge. Suffice to say that the R & R is adopted in full. However, the court would like to address one or two points raised in defendants' objections.

 Defendants claim that the magistrate judge "improperly relied 'solely on the pleadings' and apparently failed to consider the full contents of the exhibits attached to the Complaint as well as all other documents filed by IVAX with the SEC." *See Defendants' Objections* at 5. First, as far as the court can tell from the record, there are *no* exhibits attached to plaintiffs' Consolidated Amended and Supplemental Class Action Complaint (D.E. 21). Therefore, there were no exhibits for the magistrate judge to 'fail' to consider. Second, this Circuit has made it clear that, generally, "[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss...." *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). Similarly, "[i]n securities litigations such as this where a motion to dismiss is grounded on Rule 12(b)(6), it is improper for a Court to consider such a factual challenge to the plaintiffs' complaint ... and the fact that a plaintiff might quote from a corporate document in its pleading without appending such document to the pleading does not permit the defendants to introduce such document where a dismissal is sought pursuant to Rule 12(b)(6)." *Seidel v. Public Service Co. of New Hampshire*, 616 F.Supp. 1342, 1353 (D.C.N.H.1985) (citations omitted). Therefore, the magistrate judge was correct in not addressing factual arguments of materiality and arguments concerning the truthfulness of plaintiffs' allegations. *See id.* at 1354 (arguments regarding materiality of

allegedly undisclosed information in federal securities litigation are inappropriate on a 12(b)(6) motion); *Kennedy v. Tallant*, 710 F.2d 711, 718 n. 6 (11th Cir.1983) (argument that allegedly omitted facts where actually not omitted is inappropriate on 12(b)(6) motion because this challenges the truth of allegations and goes beyond examination of matters in the pleadings).

Additionally, in their introduction to the objections, and throughout their memorandum, defendants' argue that the "Magistrate inexplicably ignored many of plaintiffs' allegations and failed to address most of the legal arguments made and authorities presented by defendants...." *See Defendants' Objections* at 1. The court would note that it is the practice of this Court to consider all matters raised in pleadings prior to ruling on a motion, and the mere fact that certain arguments are summarily dismissed does not lead to the conclusion that a judge shirked his or her responsibility and failed to consider the arguments. Additionally, upon reviewing the record, this Court agrees with the magistrate judge's determination of those arguments and, while the court does not find it necessary to address them, it assures defendants that the arguments have been considered.

Having said that, and upon independent review of the record and being fully advised of its premises, it is

ORDERED AND ADJUDGED that the R & R (D.E. 111) is hereby **ADOPTED IN FULL** and made an Order of this Court. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Class Certification (D.E. 25) is hereby **GRANTED** as set forth in the R & R and defendants' Motion to Dismiss (D.E. 44) is hereby **DENIED.**

DONE AND ORDERED.

### *REPORT AND RECOMMENDATION*

BANDSTRA, United States Magistrate Judge.

THIS CAUSE came before the Court on (a) Plaintiffs' Motion for Class Certification (D.E. 25) filed on October 4, 1995; and (b) Defendants, Ivax Corporation, Phillip Frost,

Richard Pfenniger and Andrew Zinz's, Motion to Dismiss Consolidated Amended Complaint (D.E. 44) filed on January 10, 1995. Previously, this cause was referred to the undersigned by the Honorable C. Clyde Atkins for all necessary and proper action on all pretrial motions pursuant to 28 U.S.C. sec. 636. Accordingly, the undersigned conducted a hearing on these motions on August 15, 1995. Having carefully considered these motions, all responses and replies thereto, oral argument of the parties, the court file and applicable law, the undersigned recommends that Plaintiffs' Motion for Class Certification be GRANTED, and that Defendants Motion to Dismiss be DENIED.

## INTRODUCTION

This case involves a class action suit brought on behalf of all persons who purchased the common stock of Ivax Corporation ("Ivax") between January 14, 1994 and May 2, 1994, or who exchanged their shares of McGaw, Inc. ("McGaw") for shares of Ivax pursuant to a merger between the two companies and, as a result, were damaged. The complaint alleges that Ivax and the individual defendants, who were officers and control persons of Ivax, violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b–5 promulgated thereunder, as well as the common law of negligent misrepresentation. The complaint further alleges that, with respect to those who exchanged their McGaw shares for Ivax shares pursuant to the merger, Ivax and various individual defendants violated Sections 11, 12(2) and 15 of the Securities Act of 1933 and Section 14(a) of the Exchange Act and Rule 14a–9 promulgated thereunder.

Ivax is a company whose primary focus is its pharmaceutical products which account for about 85–95% of its revenues and earnings. Since the second half of its 1992, Ivax's revenue and earnings growth has been largely fueled by sales of Verapamil, the generic form of a calcium channel blocker used for reduction of hypertension and angina attacks. In 1992, Ivax became the first and only supplier of the generic form of this drug. By 1993, Verapamil was generating at least 50% of the company's profits. As such, Ivax's success in selling Verapamil was a key determinant of the value of Ivax stock.

On January 5, 1994, Ivax and McGaw announced that Ivax planned to acquire McGaw. Pursuant to the terms of the merger, the higher Ivax's stock price was, the fewer Ivax shares would have to be issued to McGaw shareholders. Plaintiffs allege that from the time that defendants' preliminary proxy statement with respect to the merger was filed with the SEC on January 14, 1994, until May 2, 1994, when defendants announced Ivax's poor first quarter 1994 earning results, defendants engaged in a consistent course of fraudulent conduct, the purpose and effect of which was to misrepresent material facts.

Specifically, the complaint alleges that Ivax and other individual defendants knowingly or recklessly, and with compelling motives, engaged in a fraudulent course of conduct whereby they made affirmative statements or omissions directly and via unsuspecting analysts which misled the market as to (a) the impact of Zenith's entry into the generic Verapamil market; (b) the "channel stuffing" which Ivax engaged in during the fourth quarter of 1993 which temporarily inflated Verapamil sales; and (c) as to Ivax's financial performance in the first quarter of 1994. Plaintiff further alleges that when the truth regarding these matters became known to the public on May 2, 1994, Ivax's stock price fell immediately in response to this information.

Plaintiffs allege that defendants fraud is evidenced by the Registration Statement and Proxy Prospectus filed with the SEC wherein Ivax asserted that its business was operating in the ordinary and normal course when in fact it was engaged in "channel stuffing" by inducing resellers of Verapamil to substantially increase their year-end purchases and thereby inflate sales and earnings in the short term. Plaintiffs also allege that Ivax's February 28, 1994 announcement of record earnings for the fourth quarter and full year of 1993, and its 1993 10–K filed on March 30, 1994, evidence fraud in that Ivax spoke only of the *potential* impact of competition when in fact an actual impact of competition had already occurred through Zenith's entry into

the same market. Plaintiffs assert that defendants furthered their fraud by making misleadingly optimistic statements to analysts on March 9 and April 11, 1994, when Ivax stated that Zenith's announced competition would have little or no impact on Ivax's Verapamil sales, and confirmed to analysts their overly optimistic projections for the first quarter and full year of 1994.

Defendants, in the instant motion, argue that plaintiffs' federal securities fraud and negligent misrepresentation claims should be dismissed pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Specifically, defendants assert that they had no duty to disclose the information which plaintiffs allege was omitted and that any such omissions were not misleading. Defendants also argue that they adequately disclosed information which plaintiffs claim were omitted in the written disclosures. Defendants also argue that plaintiffs have failed to sufficiently plead the factual basis for their claims and scienter to commit fraud. Finally, defendants argue that plaintiffs fail to adequately plead actual reliance and instead improperly rely on a fraud-on-the-market theory to establish this element.

Plaintiffs oppose defendants motion to dismiss on all of these grounds.

### STANDARD OF REVIEW

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986). In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and take his allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Quinones v. Durkis*, 638 F.Supp. 856 (S.D.Fla.1986). When a federal court considers a motion to dismiss at the pleadings stage, it must apply the federal rules of civil procedure. Fed.R.Civ.P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir.1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail the facts upon which the claim is based. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957); *Neizil v. Williams*, 543 F.Supp. 899 (M.D.Fla.1982). Finally, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hammer v. Armstrong World Industries*, 679 F.Supp. 1096, 1098 (S.D.Fla.1987).

### ANALYSIS

#### A. Motion to Dismiss

##### 1. Requirements of Rule 9(b)

■ First, defendants argue that the requirements of Rule 9(b) of the Federal Rules of Civil Procedure have not been satisfied. However, Rule 9(b) only requires fair notice of the nature of plaintiffs' federal securities claims and the grounds upon which they are based so that defendants have adequate information to frame a response. *Dah Chong Hong Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1073 (M.D.Fla.1989); *Zuckerman v. Franz*, 573 F.Supp. 351, 355–56 (S.D.Fla.1983). Any unduly restrictive approach under Rule 9(b) would effectively frustrate implementation of the federal securities laws by private civil litigants. *In re Sahlen & Associates Sec. Lit.*, 773 F.Supp. 342, 352–53 (S.D.Fla.1991).

■ Applying this standard, the undersigned finds that plaintiffs' allegations provide appropriate delineation of the underlying acts and public statements upon which plaintiffs' claims are based. The complaint identifies the particular public statements alleged to be false or misleading; when such statements were made; where such statements were published; why such statements were false or misleading; and who was responsible for such statements. See, Consolidated Amended Complaint, para. 23–25, 52–53, 60–68, 71–75, 77–85. Plaintiffs also specifically alleged what defendants gained by

such misrepresentations, as well as the basis of defendants' knowledge regarding the true progress of Verapamil sales and the potential and actual impact of competition. *Id.* at para. 25, 27, 46, 49. Thus, plaintiffs' federal securities claims should not be dismissed under Rule 9(b).

### 2. Claims under Sections 11 and 12 of the Securities Act of 1933 and Section 10(b) and 14(a) of the Exchange Act

■ Section 11 of the Securities Act allows purchasers of registered securities to recover from the issuer if its registration statement contained an untrue material fact or omitted to state a required material fact. 15 U.S.C. sec. 77k. Similarly, under Section 12(a)(2) of the Securities Act, one who "offers or sells a security" by means of a prospectus is liable to the purchaser if the prospectus contained material misrepresentations or omissions. 15 U.S.C. sec. 77l(a)(2). In order to state a claim under Section 14(a) of the Exchange Act, plaintiffs need only alleges facts showing that the proxy statement contained materially false or misleading statements or omitted a material fact. *Gerstle v. Gamble–Skogmo, Inc.,* 478 F.2d 1281 (2d Cir.1973). Plaintiffs need not plead or prove privity, reliance, causation or scienter in order to recover under Sections 11, 12(2) or 14(a) of these Acts. *Randall v. Loftsgaarden,* 478 U.S. 647, 659, 106 S.Ct. 3143, 3150–51, 92 L.Ed.2d 525 (1986); *Currie v. Cayman Resources Corp.,* 835 F.2d 780, 782 (11th Cir.1988). Finally, the elements of a cause of action under Section 10(b) of the Exchange Act and Rule 10b–5 promulgated thereunder are (1) a misstatement or omission, (2) of a material fact, (3) made with scienter, (4) on which plaintiff relied, (5) and which proximately caused his injury. *Huddleston v. Herman & MacLean,* 640 F.2d 534, 543 (5th Cir.1981), *rev'd on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).

■ Defendants argue that because their Preliminary Proxy Statement ("PPP") was not intended to be released to the public it cannot serve as the basis for primary liability. Defendants' argument, however, reveals issues of fact with respect to the circumstances under which the PPP was publicly released and the actual effect it had on the market. Moreover, plaintiffs allege that the misrepresentations and omissions in the PPP and Registration Statement and Final Proxy Statement ("FPP") contained *affirmative* misrepresentations and omissions regarding Ivax's financial and operating condition and the manner in which it was conducting its business. Specifically, plaintiffs allege that Ivax affirmatively represented that it was and would conduct business in the ordinary course and that there had been no material and adverse change in its financial condition prior to the merger with McGaw. Once defendants decided to make these disclosures, they were obligated to disclose the full truth about these matters so that its statements would not be misleading. *First Virginia Bankshares v. Benson,* 559 F.2d 1307, 1317 (5th Cir.1977), *cert. denied,* 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978).

■ Despite defendants' contentions otherwise, the undersigned finds that the complaint adequately pleads federal securities causes of action based on the affirmative representations made, as well as alleged omissions, and their allegedly misleading effect. Plaintiffs specifically allege that defendants omitted to state that resellers of Verapamil, its most profitable product, had been induced in the previous quarter to substantially increase their year-end purchases ("channel stuffing"). In other words, plaintiffs allege that in order to make the public statements at issue here complete and not misleading, defendants should have disclosed that it had employed extraordinary measures to unusually inflate sales and earnings in the short term.

Courts have held that allegations of omissions and misrepresentations regarding channel stuffing and the effects of competition are actionable. In *In re Lotus Development Corp. Sec. Lit.,* 875 F.Supp. 48 (D.Mass. 1995), the Court determined that plaintiffs factual allegations concerning inventory backlog supported the inference of misrepresentation as to the company's true financial status. In *In re Compaq Sec. Lit.,* 848 F.Supp. 1307, 1320 (S.D.Tex.1993), the court upheld allegations of channel stuffing strikingly similar to those found here. Addition-

ally, in *Compaq, supra*, the Court denied summary judgment where plaintiffs alleged that defendants' announcement of quarterly sales and earnings was materially inaccurate because management may have failed to properly account for the effects of dealer inventory overstock. 848 F.Supp. at 1320.

Defendants argue cases where similar allegations made by plaintiffs were deemed insufficient. However, courts interpreting federal securities law have long recognized that reviewing the context in which a disclosure appears is an essential part of determining the disclosure's adequacy. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 201 (5th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988). Additionally, the "emphasis and gloss" of a defendant's statements can also render them misleading and trigger liability under the securities laws. *Isquith*, 847 F.2d at 203. Even if some of the statements made by defendants are literally true, but are misleading in their presentation, they can still be actionable under the securities laws. *See In re Convergent Technologies Sec. Lit.*, 948 F.2d 507, 512 (9th Cir.1991). Moreover, if a company chooses to make a statement on a subject, having chosen to speak, the company is obligated to make a full and fair disclosure. *First Virginia Bankshares*, 559 F.2d at 1313–14; *see also, Dominick v. Dixie National Life Ins. Co.*, 809 F.2d 1559, 1571 (11th Cir.1987). Therefore, the undersigned finds that defendants' alleged statements concerning the negligible impact of competition from Zenith on Ivax's Verapamil sales and about it's conducting business as usual when it was allegedly "channel stuffing" are adequately pled and should survive defendants' motion to dismiss.

Defendants next argue that to determine liability for statements disseminated through analysts to the investing public, plaintiffs must allege and prove that defendants sufficiently entangled themselves with the analysts' reports for those statements to be actionable. Although the Eleventh Circuit has not directly ruled on whether this pleading standard is required, the undersigned finds that even if this more rigorous standard is applied to the facts as pled in this case, the complaint satisfies this standard. Numerous courts have recognized that Section 10(b) liability can be predicated upon a defendant's false statement to securities analysts or to the financial or news media. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 228, n. 4, 108 S.Ct. 978, 981–82, n. 4, 99 L.Ed.2d 194 (1988). The precise role of each defendant in making statements or projections to such analysts need not be alleged initially, since defendants alone possess this type of information. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir.1987). At the pleading stage, all plaintiffs need allege is that defendants provided the information to the securities analyst, upon which the reports were based. *Alfus v. Pyramid Technology Corp.*, 764 F.Supp. 598, 603 (N.D.Cal.1991). Moreover, once plaintiffs have alleged that the defendants provided information to analysts, a duty to disclose incorrect statements within their reports arises. *Id.* at 603.

As stated above, the undersigned finds that plaintiffs adequately plead their allegations applying the appropriate criteria. Specifically, the complaint alleges that after Zenith's March 9th announcement that it would be competing with Ivax for generic Verapamil sales, defendants immediately spoke to analysts in order to minimize the negative affect this news would have on the market. The complaint further alleges that analysts were told that Zenith's entry into the market would have little, if any, impact on Ivax's sales of and profits from Verapamil; that first quarter earnings would be strong; and that analysts projections of Ivax's earnings were reasonable. Plaintiffs further allege why these statements were materially false and misleading.

The undersigned also finds that plaintiffs adequately allege other misinformation provided to analysts on April 11, 1994. Plaintiffs allege that on that date, a PaineWebber analyst raised his rating on Ivax from "buy" to "attractive" and continued to estimate 1994 earnings at $1.65 per share. He also restated that Zenith did not pose a substantial threat to Ivax. The complaint further alleges that one of the defendant officers faxed a copy of PaineWebber's report to Hancock, thus adopting the report and caus-

ing Hancock to utilize the information in the same manner despite allegations that defendant had knowledge that first quarter earnings were far below the levels analysts had been led to expect. Plaintiffs also allege that defendants knew or were recklessly indifferent to the fact that their statements to analysts were materially misleading. Defendants' assertion that it's statements were mere puffing raises an issue of fact outside of the pleadings in this case. Thus, the undersigned finds that, under even the most stringent pleading requirements, plaintiffs' allegations are adequate. *See, e.g., Alfus,* 764 F.Supp. at 602 (allegation of liability for analysts' statements upheld where complaint alleged generally that the information in specific analysts' reports was based in part on information provided by defendants).

Defendants also argue that the likely effects of competition were disclosed in the form of clear and specific warnings triggering the "bespeaks caution" doctrine. Solely analyzing the pleadings, the undersigned finds that the plaintiffs have alleged why the warnings were misleading in light of what defendants allegedly knew or should have known at the relevant time period, as well as, all other required elements. *See, e.g., Huddleston,* 640 F.2d at 536; *In re Donald J. Trump Casino Sec. Lit.,* 7 F.3d 357 (3d Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994). Thus, the undersigned finds that defendants' argument with regard to the adequacy of any of the warnings complained of is more appropriate for a motion for summary judgment.

■ Finally, defendants assert that plaintiffs have not adequately pled scienter. However, the undersigned notes that this court has previously held, in *Tapken v. Brown,* Fed.Sec.L.Rep. ¶ 96,805 at 93,167, 1992 WL 178984 (S.D.Fla.1992), that it is sufficient if plaintiffs allege, as done in the instant case, that the defendants were aware of, or in fact caused, the acts and omissions that form the basis of the fraud claim, or if facts from which defendants' recklessness or awareness can be inferred in order to establish scienter. Plaintiffs have done so here. Therefore, the undersigned recommends de-

nying defendants' motion to dismiss on this ground as well.

### 3. *Claims under Section 15 of the Securities Act and Section 20 of the Exchange Act*

■ Section 15 of the Securities Act and Section 20 of the Exchange Act provide that every person who controls any other person who is liable under any provision of either act is jointly and severely liable with and to the same extent as the controlling person. 15 U.S.C. sec. 77o; 15 U.S.C. sec. 78t(a). Further, "whether a person is a 'controlling person' within the meaning of federal securities law presents a question of fact which cannot ordinarily be resolved at the pleading stage." *In re Chambers Development Securities Litigation,* 848 F.Supp. 602, 618 (W.D.Pa.1994). The undersigned finds that the complaint specifically alleges that the individual defendants are control persons and that any contention that they are not cannot be resolved on this motion to dismiss.

### 4. *Negligent Misrepresentation*

Finally, defendants argue that with regard to the claim for negligent misrepresentation, plaintiffs have failed to adequately allege reliance. The undersigned finds, however, that plaintiffs sufficiently allege both direct and indirect reliance, as well as class reliance. See, Am.Cpt., para. 135, 137, 139. *See, e.g., Sahlen,* 773 F.Supp. at 353, 371.

### B. *Motion for Class Certification*

Plaintiffs move pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for certification of a plaintiff class consisting of all persons and entities who purchased the common stock of Ivax between January 14, 1994 and May 2, 1994, or who exchanged their shares of McGaw for shares of Ivax pursuant to the merger and who sustained damages as a result of such purchase/exchange. Plaintiffs Cywiak and Kohn also seek certification of a plaintiff subclass ("merger subclass") consisting of all persons and entities who exchanged shares of McGaw common stock for shares of Ivax pursuant to the merger. Excluded from the class and merger subclass are the defendants, mem-

bers of the immediate family of any of the individual defendants, any entity in which any defendant has a controlling interest, all officers and directors of Ivax and the legal representatives, heirs, successors or assigns of any such excluded party.

In order to have a class certified pursuant to Rule 23, F.R.Civ.P., a plaintiff must satisfy the four requirements of Rule 23(a) and at least one of the conditions under Rule 23(b). Rule 23(a) of the Federal Rules of Civil Procedure establishes that representatives may sue on behalf of a class if: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representatives are typical of those of the class; and (d) the representative parties will fairly and adequately protect the interests of the class. In addition to meeting the requirements of Rule 23(a), the present action also satisfies the requirements of Rule 23(b). Rule 23(b)(3) requires that the proposed class plaintiff establish that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods of adjudication.

At the present time, defendants have no objection to certification of the class and subclass proposed by plaintiffs. As such, the undersigned recommends that the class be certified providing the defendants with leave to challenge certification if it is later determined that the above requirements have not been met.[1]

### SUMMARY

Accordingly, for all of the foregoing reasons, the undersigned respectfully recommends that Plaintiffs' Motion for Class Certification be GRANTED and that Defendants' Motion to Dismiss the Consolidated and Amended Complaint be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable C. Clyde Atkins, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. sec.

636(b)(1)(C); *United States v. Warren,* 687 F.2d 347 (11th Cir.1982), *cert. denied,* 460 U.S. 1087, 103 S.Ct. 1781, 76 L.Ed.2d 351 (1983); *Hardin v. Wainwright,* 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida, this 31st day of August 1995.

---

1. Defendants arguments with regard to designation of class counsel are deemed moot in light of this Court's Order dated August 19, 1994 designating the firms of Berger & Montague, P.C. and Burt & Pucillo as Co–Lead Counsel in this action.