[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-10753

Non-Argument Calendar

————————————

ELENA DVOINIK,
BORIS ZAVADOVSKY,

Plaintiffs-Appellants,

*versus*

MARIO RABL,
SUSANNE HOEFLINGER,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida

2                       Opinion of the Court                    24-10753

D.C. Docket No. 1:22-cv-24226-JEM

————————————

Before LAGOA, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellants Elena Dvoinik and Boris Zavadovsky appeal *pro se* the district court's order dismissing, for lack of personal jurisdiction, their complaint alleging defamation by defendants Mario Rabl and Susanne Hoeflinger. Dvoinik and Zavadovsky argue that the district court erred in finding that it lacked personal jurisdiction because Dvoinik and Zavadovsky provided competent proof in support of jurisdiction under Florida's long-arm statute. They also argue that the district court improperly denied several of their motions as moot. Having reviewed the record and read the parties' briefs, we affirm the district court's order dismissing the complaint.

## I.

We construe briefs filed by *pro se* litigants liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "We review *de novo* whether the district court had personal jurisdiction over a nonresident defendant." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir., 2013)).

## II.

In determining whether personal jurisdiction exists, a federal court sitting in diversity conducts a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm

statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1363-64 (11th Cir. 2021) (quoting *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)).  The reach of Florida's long-arm statute is a question of Florida law, and federal courts are required to construe the long-arm statute as the Florida Supreme Court would.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  Absent an indication that the Florida Supreme court would hold otherwise, federal courts are also bound to adhere to decisions from Florida's intermediate courts interpreting the long-arm statute.  *Id.*

The long-arm statute provides jurisdiction over any cause of action arising from "[o]perating, conducting, engaging in, or carrying on a business or business venture" in Florida or "having an office or agency" in Florida.  Fla. Stat. § 48.193(1)(a)(1).  For a court to exercise jurisdiction under this provision, the defendant must have engaged in a "general course of business activity in the state for pecuniary benefit."  *Fraser v. Smith*, 594 F.3d 842, 848 (11th Cir. 2010) (internal quotation marks and emphasis omitted).  Additionally, a nonresident defendant is subject to personal jurisdiction for any cause of action that arises from a tortious act committed in Florida.  *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1272 (11th Cir. 2022), *cert. denied*, ___ U.S. ___, 144 S. Ct. 90 (2023).  Florida law is "well settled" that a defendant is subject to the long-arm statute if he makes "telephonic, electronic, or written communications" into Florida and the communications give rise to a tort.  *Strober v. Harris*,

332 So. 3d 1079, 1084 (Fla. Dist. Ct. App. 2022).  But the fact that a tortious act causes an injury in Florida, standing alone, "is insufficient to support jurisdiction over an out-of-state tortfeasor." *Kountze v. Kountze*, 996 So. 2d 246, 252 (Fla. Dist. Ct. App. 2008).

When a plaintiff seeks personal jurisdiction over a nonresident defendant, the plaintiff bears the burden of alleging sufficient facts to make out a *prima facie* case of jurisdiction.  *Mazer*, 556 F.3d at 1274.  If a defendant then challenges jurisdiction by submitting affidavit evidence in support of its position, the burden shifts back to the plaintiff to provide evidence supporting jurisdiction.  *Id.*  The defendant's affidavit evidence must contain "specific factual declarations within the affiant's personal knowledge." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).  Once the burden has shifted back to the plaintiff, the plaintiff "is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof," and may not "merely reiterate the factual allegations in the complaint." *Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (quoting *Electro Eng'g Products Co. v. Lewis*, 352 So.2d 862 (Fla. 1977)).  "A court without personal jurisdiction is powerless to take further action." *Posner*, 178 F.3d at 1214 n.6.

### III.

A review of the record demonstrates that the district court did not err because Rabl and Hoeflinger's affidavits rebutted any allegations that would support jurisdiction under Florida's long-arm statute, and Dvoinik and Zavadovsky did not respond with

competent proof in support of jurisdiction. And contrary to Dvoinik and Zavadovsky's contentions, the Florida long-arm statute must be satisfied for the district court to exercise personal jurisdiction over nonresident defendants. *AcryliCon*, 985 F.3d at 1363-64. The district court also correctly denied Dvoinik and Zavadovsky's motions as moot, as it was powerless to take further action after finding that it lacked personal jurisdiction over Rabl and Hoeflinger. *Posner*, 178 F.3d at 1214 n.6. Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Dvoinik and Zavadovsky's complaint.

**AFFIRMED.**